[No. 11926.  Department Two.  June 23, 1914.]

JACOB AMBAUM, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent.*[1]

STATES—CONTRACT—HIGHWAY CONTRACT—EXTRA WORK — LIABILITY.  Under a state contract for road construction, entered into with the state highway board, providing that no extra work not included in the specifications or covered in the contract shall be paid for unless done pursuant to the highway commissioner's written direction, after the price therefor shall be agreed upon, the contractor cannot recover for extra work which was merely alleged in his complaint to be required by the state, acting by and through its engineer in charge; the inference being that the extra work was verbally required by the engineer, who had no power to contract on the part of the state.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered January 20, 1914, dismissing an action on contract, upon sustaining a demurrer to the complaint.  Affirmed.

*Vince H. Faben,* for appellant.

*The Attorney General* and *Edward W. Allen, Assistant,* for respondent.

PARKER, J.—This is an action to recover compensation for extra work which the plaintiff alleges he performed for the state in connection with a contract he had with the state for the clearing and grubbing of a portion of state road No. 1.  The state demurred to the plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action.  The demurrer was, by the court, sustained, and, the plaintiff electing to stand upon his complaint and not plead further, judgment of dismissal was accordingly entered against him.  From this disposition of the cause, the plaintiff has appealed.

The controlling facts appearing in appellant's complaint may be summarized as follows:  In June, 1908, appellant,

[1]Reported in 141 Pac. 314.

being the successful bidder therefor, entered into a contract with the state highway board, for the state, for the clearing and grubbing of a portion of state road No. 1, according to plans and specifications, for which the state agreed to pay him the lump sum of $3,775. The contract contained, among other things, the following:

"That he [appellant] will furnish all material necessary and perform all labor in the manner and of the kind and class of work and material and manner of doing said work, and in all other respects strictly in accordance with maps, plans and specifications thereof, furnished by the highway commissioner, and on file in the office of the highway commissioner at Olympia, Washington, a copy of said specifications being attached thereto; said maps, plans and specifications being agreed to be a part of this contract, with the same force and effect as though the same were fully inserted herein.

"Said work is to be done under the supervision and direction of the engineer selected by the state highway commissioner, to be approved by the engineer and accepted by the state highway commissioner. Said state highway commissioner shall have the right to fully decide on all questions arising as to the proper performance of said work . . .

"It is further agreed that no liability shall attach to the state by reason of entering into this contract, except as especially provided herein."

The specifications, which are made a part of the contract, contain, among other provisions, the following:

"All brush and timber shall be cut from a strip 20 feet in width, extending ten feet on each side of center line of road, unless it may be necessary to clear a greater width on account of heavy cuts or fills, in which case the clearing shall extend to such width as may be directed by the engineer in charge of the work. . . .

"Should any work be required that in the judgment of the highway commissioner is not included under the specifications, or not covered by the prices named in the contract, such work shall be done pursuant to the highway commissioner's written direction after the price therefor shall have been agreed upon and no extra work will be paid for unless so ordered."

Appellant alleges, in his complaint, the following:

"That in and about the performance of said contract this plaintiff was required by the defendant, acting by and through its engineer in charge of said work, to do and perform certain work as follows, to wit: Plaintiff was required at every turn to clear and grub to a width greater than that required by the contract, and that at various places along the route of said road was required to clear and to grub to a width in excess of that specified by the contract. That said defendant and its agents, the state highway board and state highway commissioner and the engineer in charge have claimed and do claim that all of said work was and is contemplated by said contract, but that said work in truth and in fact was not and is not contemplated or covered by said contract, and was wrongfully and arbitrarily required by the defendant, its said agents and servants under said claim that said work was contemplated and covered by said contract   .   .   .

"That no part of said excess of clearing was rendered necessary by heavy cuts or fills, or either, and that no part of said excess of grubbing was rendered necessary by heavy cuts or fills or either."

This was followed by allegations of the amount of extra work claimed to be so performed and the reasonable value thereof, for which judgment is prayed. These facts, we think, plainly demonstrate that appellant is claiming for extra work which was not ordered to be done by written direction of the highway commissioner at an agreed price, as required by the express provisions of the contract, nor ordered in any manner to be done as extra work or work not within the terms of the contract by the contracting agents of the state, to wit, the state highway board.

This contract was entered into with appellant by the state highway board in pursuance of power given that board by chapter 149, page 294, Laws of 1907. A reading of that law will readily show that the state highway board has the sole power of contract for the state, so far as contracts of the nature here involved are concerned. Neither the highway commissioner nor the engineer has any such power. Their

powers are only such as are usually possessed by mere supervising engineers and architects; that is, to see that the contract entered into by the owner with the contractor is properly carried out. They are in no sense contracting agents of the state. Reading the allegations of appellant's complaint and the provisions of the contract and specifications together, we think that appellant's claim as here pleaded amounts to nothing more than that the engineer, and possibly the highway commissioner, verbally required the performance of this alleged extra work. Clearly, this would not bind the state to pay for such work, even conceding that it is extra work which the contract contemplated might be paid for if ordered in the manner therein expressly provided, in view of the fact that neither the highway commissioner nor the engineer possessed the power to bind the state in any other manner than that which the contract prescribed. It is also plain from the allegations of the complaint that the work was not directed to be done as extra work, but was directed to be done by the engineer and claimed to be work within the contract which was to be compensated for by the payment of the lump sum bid. If, as a matter of fact, the work was extra work within the terms of the contract which would call for extra compensation, and the engineer or highway commissioner arbitrarily decided that appellant should perform such work as a part of his contract, such fact might be cause for appellant refusing to so perform it without forfeiting his rights under the contract; but it would not follow that appellant could recover compensation for such work after performing the same when it was not directed by the highway commissioner in the manner prescribed by the contract. We do not think the allegations of the complaint show that the state highway board, the state's contracting agent, in any manner directed or authorized the performance of any work other than by the express terms of the contract.

In our recent decision in *Wiley v. Hart*, 74 Wash. 142, 132 Pac. 1015, we had occasion to review the authorities

touching the powers of mere supervising engineers and architects as compared with the powers of contracting agents. Our conclusion there reached is quite in harmony with our conclusion here, that the powers of the highway commissioner and the engineer were only those of supervising engineers or architects, having no powers whatever to act beyond the strict terms of the contract and the supervision of the work being performed in compliance therewith. We think further citation and review of authorities are unnecessary.

The judgment is affirmed.

CROW, C. J., MOUNT, and MORRIS, JJ., concur.