

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

                                Opinion No. O-1436
                                Re: Liability of the State of
                                Texas on the claim of
                                E. L. Martin, Inc.

      We acknowledge receipt of your letter of January 20,
1940, for a supplemental opinion on the claim of the E. L.
Martin, Inc. You refer us to the original request for an opin-
ion on this claim, which original request presents the following
question:

      "We would appreciate receiving from you an opinion
    advising the nature and extent of the Department's
    liability, if any, to a contractor in connection with
    a claim for damages resulting from actions of the
    State's Project Engineer and Inspector 'outside of
    the provisions of the contract.'"

      On August 10, 1937, Honorable W. B. Pope, Assistant
Attorney General, in answer to the above request advised the Hon.
Gibb Gilchrist, State Highway Engineer, that the State of Texas
was not liable.

      On December 20, 1937, the above opinion was reconsidered
in another opinion by the Honorable W. B. Pope, and he again
held the State was not liable.

      You advise us that you have considerable data and in-
formation in your files relative to this claim, but in view of
the fact that we cannot determine questions of fact we will
not be concerned in this opinion with that information and will
confine this opinion to the facts as set out in the original
request and the finding of the Board of Arbitration.

Hon. Julian Montgomery, page 2

The question to be determined is whether the State of Texas is liable for the acts of its agents when acting outside the scope of their authority, such authority being conferred either by law or by contract. There is nothing in the statutes that sets forth the powers and duties of a project engineer or inspector. We will, therefore, discuss the question only as it pertains to the authority and power conferred by contract. It is the general rule that when a State is a party to a contract with a citizen, it is subject to all and every condition governing contracts with individuals. Bostick vs. U. S., 94 U. S. 53; Reading Steel Co. vs. U. S., 268 U. S. 186, 69 L. Ed. 907; Crook vs. U. S., 91 U. S. 389, 23 L. Ed. 237. But this rule is subject to certain exceptions, for if the State undertook to guarantee the fidelity of its agents, it would soon become involved in the endless embarrassment, difficulty and losses, which would be subversive to public interest. Story on Agency, Sec. 319. In the case of Clodselter vs. State, 86 N. Carolina 54, 41 Am. Rep. 440, Chief Justice Smith quotes with approval the following:

"That the doctrine of respondeat superior, applicable to the relation of principal and agent created between other persons, does not prevail against the sovereign in the necessary employment of public agents, is too well settled upon authority and practice to admit of controversy."

"No government has ever held itself liable to individuals for the malfeasance, leches, or unauthorized exercise of power by its officers and agents." (Underscoring ours)

As revealed by the request, the complaint is for acts committed "outside of a contract." It is well settled law that states can be bound only by such acts as are conferred by law or by the contract. The most recent case that bears on the question is that of Campbell Building Co. vs. State Road Commission, 70 Pac. (2d) 857. The following quotations are taken from subsections indicated:

"We think that the engineer had no authority to waive on behalf of the state the requirements in the written contract. He undoubtedly had no authority to enter into a new or different contract, and it would follow that he had no authority to waive the provisions in this one. The contract specified what

Hon. Julian Montgomery, page 3

his duties and powers were and this was well known to the contractor. It is generally held that an architect or engineer in charge of construction work does not have authority to waive a provision requiring written extra work orders." Subsection 22.

"The state cannot be held for the acts of its engineer beyond the powers conferred by law or the written contract." Subsection 22.

"The state cannot be held for any such actions by its employees, even if true, for the reason that it can be held only on the contract and for the acts of its agents and officials pursuant to the contract and not for any unauthorized or malicious conduct which may have resulted in damage." Subsection 30. (Underscoring ours)

In the case of Clark County Construction Company vs. State Highway Commission, 58 S. W. (2d).302, (Ct. of Apps. Ky.) the Court said:

". . . We find there is a great contrarity and confusion of opinions respecting some phases of the question presented, however, there is practical agreement of authority that anyone who deals or contracts with public officials or with public bodies must at his own peril take notice of their authority since they can act only within the limits of expressed or necessarily implied powers conferred upon them by law."

". . . Where it is required by statute that such contract shall be in writing and the contract itself provides that any modification of its terms shall be in writing, such provisions are mandatory and all changes and alterations are ineffectual and void.

"Appellant in dealing with the Commissioner of Public Roads was not only charged with knowledge of the law and of any and all limitations placed upon his power to make or modify the contract, but the quoted provisions of the contract itself brought notice to it that all modifications, alterations and changes should be in writing. These provisions are in language so simple, clear and explicit that even a layman by cursory examination would be able to fully understand and appreciate the consequences of a disregard or violation thereof.

Hon. Julian Montgomery, page 4

"The foregoing rules to which we shall adhere are neither harsh or inequitable since anyone dealing with public officials or public bodies may avoid the consequences by strict compliance with them. They are grounded in a sound public policy and their abrogation would invite fraud, collusion and unwarranted expenditure of public funds." (Underscoring ours)

A comprehensive discussion of the effect of an agent acting outside the scope of his authority is found in the case of Ambum vs. State, 141 Pac. 314; the Supreme Court of the State of Washington hold as follows:

"Their (the engineer's) powers are only such as are usually possessed by mere supervising engineers and architects; that is, to see that the contract entered into by the owner with the contractor is properly carried out. They are in no sense contracting agents of the state. Reading the allegations of appellant's complaint and the provisions of the contract and specifications together, we think that appellants claim as here pleaded amounts to nothing more than that the engineer, and possibly the highway commissioner, verbially required the performance of this alleged extra work. Clearly, this would not bind the state to pay for such work, even conceding that it is extra work which the contract contemplated might be paid for if ordered in the manner therein expressly provided, in view of the fact that neither the highway commissioner nor the engineer possessed the power to bind the state in any other manner than that which the contract prescribed. It is also plain from the allegations of the complaint that the work was not directed to be done as extra work, but was directed to be done by the engineer and claimed to be work within the contract which was to be compensated for by the payment of the lump sum bid. If, as a matter of fact, the work was extra work within the terms of the contract which would call for extra compensation, and the engineer or highway commissioner arbitrarily decided that appellants should perform such work as a part of his contract, such fact might be cause for appellant refusing to so perform it without forfeiting his rights under the contract; but it would not follow that appellant could recover

Hon. Julian Montgomery, page 5

compensation for such work after performing same
when it was not directed by the highway commissioner
in the manner prescribed by the contract. We do not
think the allegations of the complaint show that the
state highway board, the state's contracting agent,
in any manner directed or authorized the performance
of any work other than by the express terms of the
contract." (Underscoring ours)

It is, therefore, our opinion that the State of Texas
is not liable for the acts of its agents which are committed
outside the scope of a contract which sets forth their duties
and authority.

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Richard H. Cooke_
Richard H. Cooke
Assistant

RHC:N

APPROVED FEB 15, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB